

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ISMAEL ADALBERTO-MALARA;<br>SANTIAGO LANDAVERDE;<br>ALVARO ANTONIO-MANCIA;<br>VICTOR VILLALOBOS;<br>GILBERTO HERNANDEZ RIVERA;<br>RONALD ALEXANDER PINEDA;<br>ALBERTO ANTONIO SANTOS;<br>JOSE RIVERA ECHEVERRIA;<br>GREGURIO MEJIA;<br>DIMAS ENRIQUEZ;<br>ADOLFO MENENDEZ;<br>MARIO IVAN VAZQUEZ;<br>ALEXANDER PINEDA;<br>DANILE ANTONIO LANDAVERDE;<br>FERNANDO ANTONIO CABALLERO;<br>HENRY CORCAMOHERNANDEZ;<br><br>**Plaintiffs,**<br><br>versus<br><br>**GEORGE DRYWALL, INC.,**<br><br>**Defendant.** | Case Number: |

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). The plaintiffs seeks payment for unpaid wages, overtime worked, and liquidated damages that they were deprived of due to the defendant's violations of the Fair Labor Standards Act. The plaintiffs further seek reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3. Upon information and belief, the defendant, George Drywall, Inc., is a domestic corporation who employed the plaintiffs to labor for its benefit in this District.

4. The cause of action set forth in this Complaint arose in this District.

## PARTIES

**A.   Plaintiffs**

5. Plaintiff Ismael Adalberto Merlara is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previous employed by the defendant.

6. Plaintiff Santiago Landaverde is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previously employed by the defendant.

7. Plaintiff Alvaro Antonio Mancia is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

8. Plaintiff Victor Villalobos is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previously employed by the defendant.

9. Plaintiff Gilberto Hernandez Rivera is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

10. Plaintiff Ronald Alexander Pineda is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

11. Plaintiff Alberto Antonio Santos is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and is currently an employee of the defendant.

12. Plaintiff Jose Rivera Echeverria is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

13. Plaintiff Gregoia Mejia is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previously employed by the defendant.

14. Plaintiff Dimas Enriquez is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previously employed by the defendant.

15. Plaintiff Adolfo Menedez is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and was previously employed by the defendant.

16. Plaintiff Mario Ivan Vazquez is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

17. Plaintiff Alexander Pineda is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

18. Plaintiff Daniel Antonio Landaverde is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

19. Plaintiff Fernando Antonio Caballero is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

20. Plaintiff Henry Corcamo Hernandez is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Shelby County, Alabama, and was previously employed by the defendant.

21. During all times relevant to this Complaint, the plaintiffa were employees of the defendant and were subject to the full protection of the Fair Labor Standards Act.

22. The plaintiffs worked for the defendant exclusively within the State of Alabama.

**B. Defendant**

23. The defendant, George Drywall, Inc., lists its principal agent as Jorge A. Lopez, and its address as 430 Forest Lakes Drive, Sterrett, Alabama, 35147.  Upon information and belief, the defendant is a domestic corporation conducting business within the State of Alabama.

24. The defendant is collectively engaged in the business of painting and drywall service.

25. The defendant engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

26. The defendant's gross sales are in excess of $500,000.00 per year.

27. The defendant is considered employers within the meaning of the Fair Labor Standards Act, 42 U.S.C. §203(d), and is not exempt under the Act.

**FACTUAL ALLEGATIONS**

28. Plaintiff Ismael Adalberto Melara is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around September of 2007 and left employment in April of 2009.

29. Plaintiff Santiago Landaverde is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around March 2007 and left employment in March of 2009.

30. Plaintiff Alvaro Antonio Mancia is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around December 2008 and left employment in May of 2009.

31. Plaintiff Victor Villalobos is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around December 2008 and left employment in May of 2009.

32. Plaintiff Gilberto Hernandez Rivera is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around December 2008 and left employment in May of 2009.

33. Plaintiff Ronald Alexander Pineda is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around January of 2009 and left employment in February of 2009.

34. Plaintiff Alberto Antonio Santos is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the

defendant as a laborer beginning on or around May of 2007 and is still currently working for the defendant.

35. Plaintiff Jose Rivera Echeverria is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around December of 2008 and left employment in June of 2009.

36. Plaintiff Gregurio Mejia is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around April of 2007 and left employment in June of 2009.

37. Plaintiff Dimas Enriquez is an adult resident of the State of Alabama residing in Jefferson County. Plaintiff was employed by the defendant as a laborer beginning on or around June of 2007 and left employment in June of 2009.

38. Plaintiff Adolfo Menendez is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around June of 2007 and left employment in November of 2007.

39. Plaintiff Mario Ivan Vazquez is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around May of 2007 and left employment in July of 2009.

40. Plaintiff Alexander Pineda is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around April of 2007 and left employment in July of 2009.

41. Plaintiff Daniel Antonio Landaverde is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer.

42. Plaintiff Fernando Antonio Caballero is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed bty the defendant as a laborer beginning on or around November 2008 and left employment in February of 2009.

43. Plaintiff Henry Corcamo Hernandez is an adult resident of the State of Alabama residing in Shelby County. Plaintiff was employed by the defendant as a laborer beginning on or around November 2008 and left employment in April 2009.

44. The plaintiffs were employees engaged in interstate commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. The plaintiffs have been employed by the defendant and they have not been paid for all of the hours they have worked.

46. The defendant has willfully failed to comply with the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, specifically by failing to pay the plaintiffs for the hours they worked.

47. Further, the defendant has willfully failed to comply with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay the plaintiffs at the premium overtime rate for each hour over forty each week they worked.

**COUNT ONE –**

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

48. The plaintiff realleges paragraphs 1 through 47 as though fully set forth herein.

49. The defendant has willfully failed to compensate the plaintiffs for hours worked during a period of their employment.

50. The defendant, by such failure, has willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

WHEREFORE, the plaintiffs request this Court to enter judgment in favor of the plaintiffs and against the defendant for:

A. All amounts of wages that the plaintiffs should have received under the Fair Labor Standards Act but for the defendant's willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

B. All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

### COUNT TWO –
### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

51. The plaintiffs reallege paragraphs 1 through 50 as though fully set forth herein.

52. The defendant willfully failed to compensate the plaintiffs at the premium overtime rate for all hours worked above forty in each week.

53. The defendant, by such failure, has willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, the plaintiffs request this Court to enter judgment in favor of the plaintiffs and against the defendant for:

A. All amounts of wages that the plaintiffs should have received under the Fair Labor Standards Act but for the defendant's willful violation

of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

  B. All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## COUNT THREE –
## BREACH OF CONTRACT

  54. The Plaintiffs reallege paragraphs 1 through 53 as though fully set forth herein.

  55. The Plaintiffs contracted with the defendant to perform labor for an agreed upon payment.

  56. The Plaintiffs performed labor in accordance with that agreement.

  57. The defendant failed to pay the plaintiffs the agreed upon payment for labor performed.

  58. The defendant's violation was intentional, knowing, and willful.

  WHEREFORE, the plaintiffs request this Court to enter a judgment in favor of the plaintiffs and against the defendant for:

  A. All amounts of compensation the plaintiffs should have received from the defendant but for the defendant's breach of the parties' agreement.

  B. All reasonable costs and attorney's fees the plaintiff has been forced to suffer in bringing this action; and

  C. Any other relief this Honorable Court deems just and equitable under the circumstances.

Respectfully submitted,

s/Robert Barber
Robert Barber
Attorney for Plaintiffs
ASB-1046-R20B

s/Brad Medaris
Brad Medaris
Attorney for Plaintiffs
ASB-0538-O58M

OF COUNSEL:
Barber Law Group
421 Valley Avenue
Homewood, Alabama 35209
Phone:  (205) 940-2233
Fax:      (205) 942-0754
rbarber@birminghamattorney.com

**PLEASE SERVE DEFENDANT VIA REGISTERED MAIL AT THE FOLLOWING ADDRESSES:**

George Drywall, Inc.
Jorge A. Lopez (Registered Agent)
430 Forest Lakes Drive
Sterrett, Alabama 35147